UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Giuseppa M.,[1] | Case No. 24-cv-3365 (ECT/SGE) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Leland Dudek, *Commissioner of Social Security*, | |
| Defendant. | |

This matter is before the Court on Plaintiff Giuseppa M.'s ("Ms. M") Complaint. (Dkt. 1.) (*See* Pl.'s Br. (Dkt. 12); Comm'r Br. (Dkt. 17).) Ms. M argues that the Commissioner of Social Security's denial of her application for disability benefits should be reversed because the Administrative Law Judge's ("ALJ") analysis of her past relevant work was contrary to law and relevant regulations. For the reasons set forth below, the Court concludes that Ms. M's requested relief should be denied, the Commissioner's motion should be granted, and this case should be dismissed.

## BACKGROUND

The Social Security regulations set forth a sequential method of evaluating disability claims. 20 C.F.R. §§ 404.1520(a), 416.920(a). The first step is to determine whether the

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Report and Recommendation. Thus, when the Court refers to Plaintiff by his name only her first name and last initial are provided.

1

claimant engages in substantial gainful activity. At the second step, the ALJ determines whether the claimant suffers from a severe impairment—i.e., an impairment that significantly limits the ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claim is denied. If so, at the third step, the ALJ determines whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairment meets or equals a listed impairment, then the claim will be directed (i.e., granted). If not, at the fourth step, the ALJ determines whether the claimant has an impairment which precludes the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). This includes evaluating the claimant's residual functional capacity ("RFC"), which is the claimant's ability to do physical and mental work on a sustained basis despite limitations from any impairments. If the claimant's impairments do not preclude performance of past relevant work, then the claim will be denied. If the claimant's impairments do preclude performance of past relevant work, then at the fifth step, the ALJ determines whether the claimant's impairments prevent the performance of any other work, considering the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Here, Ms. M filed applications with the Social Security Administration on August 8, 2022, for both Title II disability insurance benefits and Title XVI supplemental security income. The Agency denied her claims initially and on reconsideration. Thereafter, Ms. M requested a hearing before an ALJ, and a hearing was held via video conference on August

23, 2023. The ALJ later issued a written decision concluding that Ms. M was not disabled under the Social Security Act. (R. 10-22.)

As required, the ALJ followed the sequential method of evaluating disability claims. In step one, the ALJ determined that Ms. M did not engage in substantial gainful activity In step two, the ALJ determined that Ms. M has "severe impairments" of degenerative disc disease of the cervical and lumbar spines and degenerative joint disease of the shoulders and hands. (R. 13.) In step three, the ALJ determined that Ms. M does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 14.) And in step four, the ALJ determined Ms. M's residual functional capacity ("RFC") to be as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined by [the regulations] except no climbing of ladders, ropes, or scaffolds, but occasionally climb ramps/stairs, occasional stooping, crouching, crawling and kneeling; frequent balancing; no overhead reaching with the bilateral upper extremity, but frequently in all other directions; frequent handling and fingering with the bilateral upper extremities.

(R. 15-16.) Based on this RFC, the ALJ determined that Ms. M is capable of performing past relevant work as a sales attendant and denied her claim. (R. 20, 22.) Ms. M administratively appealed the ALJ's decision, the Social Security Appeals Council denied review, and this action followed.

## ANALYSIS

### I.  Legal Standard

Federal courts will uphold the Commissioner's denial of a disability claim if substantial evidence supports the ALJ's findings and if the decision is not based on legal

error. *See Noerper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020); *Collins v. Astrue*, 648 F.3d 869, 871 (8th Cir. 2011). "Legal error may be an error of procedure, . . . the use of erroneous legal standards, or an incorrect application of the law," and courts review whether an ALJ based a decision on legal error de novo. *Collins*, 648 F.3d at 871 (internal citations omitted).

The substantial-evidence standard is more deferential. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted); *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). Under this standard, courts should not reverse the Commissioner's findings merely because evidence may exist in the administrative record that would support a different conclusion. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). Instead, a court will reverse only when the ALJ's decision is outside the reasonable "zone of choice" created by the evidentiary record. *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008).

**II.    ALJ's determination of past relevant work complies with regulations and is supported by substantial evidence.**

Ms. M's appeal challenges the ALJ's determination of past relevant work under the regulations, arguing that the employment that the ALJ relied on is not "past relevant work" under the regulations.

At step four of the analysis, the regulations require the ALJ to consider a claimant's "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv); 404.1565(a). When the ALJ issued her decision, "past relevant work" was "work that [the claimant has] done within the past

4

15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1) (2012).[2] The regulations define substantial gainful activity as work that involves significant physical or mental activities that is done for pay or profit. 20 C.F.R. § 404.1572(a), (b). The SSA's Programs Operations Manual ("POMS") sets out the level of monthly earnings that "will ordinarily show" that a claimant has engaged in substantial gainful activity. *See* POMS DI 041051.015(B), available at https://secure.ssa.gov/poms.nsf/lnx/0410501015. The fact that a claimant's earnings are not substantial does not necessarily show that they are not able to perform substantial gainful activity. *Id.* § 1574(a)(1). Rather, Social Security Ruling ("SSR") 83-35 provides that earnings are "generally averaged over the actual period of time in which the work was performed." See SSR 83-35, 1983 WL 31257, at *2.

To assess whether Ms. M engaged in substantial gainful activity, the ALJ had to look back at Ms. M's work history over the past fifteen years. Ms. M argues that because she worked seasonally and for only a few months at a time, the regulations require her income to be averaged out over the entire year. (*See* Pl. Mem. at 6 n.5 (citing SSR 83-35).) When calculated this way, Ms. M argues that her income did not meet the monthly

---

[2] Although the current regulations analyze only the last five years of employment, *see* 20 C.F.R. § 404.1560(b)(1) (2024), the regulations in place when the ALJ issued her decision evaluated the last fifteen years of employment. Courts apply regulations and rulings that are in effect at the time of an ALJ's decision. *See Evans v. Berryhill*, Case no. 16-cv-2628 (BRT), 2017 WL 3836047, at *7 n.8 (D. Minn. Aug. 31, 2017) ("[T]he Court applies the regulation in effect at the time of the ALJ's decision." (citation omitted)).

5

threshold to qualify as substantial gainful activity and could not be considered "past relevant work." The Commissioner argues that Ms. M's earnings satisfy the regulations by averaging her monthly income over the amount of time that she was actually employed as opposed to stretching her income earned in a few months over an entire year. (Comm'r Br. at 8.)

Courts facing this argument in the past have found it "unnecessary to engage in this averaging debate." *Reeder v. Apfel*, 214 F.3d 984, 989 (8th Cir. 2000). "Although earnings below the guidelines will 'ordinarily' show that an employee has not engaged in substantial gainful activity, earnings below the guidelines will not conclusively show that an employee has not engaged in substantial gainful activity." *Pickner v. Sullivan*, 985 F.2d 401, 403 (8th Cir. 1993) (citing 20 C.F.R. § 404.1574(a)(1)). And substantial work can include part-time work. *Reeder*, 214 F.3d at 989. In *Reeder*, the Eighth Circuit was able to sidestep the "averaging debate" in part because Ms. Reeder "consistently engaged in seasonal fruit-picking work for several years." *Id.* As such, "[h]er low earnings [were] more the result of her choice to work only seasonally than an indicator of a physical or mental inability to work the entire year." *Id.* (citing *Pickner*, 985 F.2d at 403).

Here, the ALJ reviewed Ms. M's work history, which included work as a sales attendant for two months during the relevant timeframe. Federal regulations define the job of sales attendant as having a specific vocational preparation (SVP)[3] level of 2. *See*

---

[3] "Specific Vocational Preparation is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility
*(footnote continued on next page)*

*Dictionary of Occupational Titles*, 299.677-010, 1991 WL 672643 (Jan. 1, 2016). An SVP of 2 denotes a job that requires "[a]nything beyond short demonstration up to and including 1 month" to learn. *Dictionary of Occupational Titles* App'x C, 1991 WL 688702 (Jan. 1, 2016). Ms. M worked as a sales attendant at Ritz Camera for two months in 2009 and earned $3,085.79. At that job, Ms. M earned a little more than $1,500.00 per month. In 2009, the amount a claimant must earn for work to be considered substantial gainful activity was $980. Thus, the amount that Ms. M earned as a sales attendant at Ritz Camera exceeded the specified monthly earnings that constituted substantial gainful activity under the regulations in 2009.

Substantial evidence supports the ALJ's decision. The determination that Ms. M's work as a sales attendant in 2009 qualifies as past relevant work under the regulations was not clear error, nor was it contrary to regulation. Ms. M worked at Ritz Camera for two months in 2009, and she performed the work at substantial gainful activity levels for long enough to learn the job within 15 years of the ALJ's decision. (R. 21, 42-43, 275); *see also Dictionary of Occupational Titles* App'x C, 1991 WL 688702 (Jan. 1, 2016). Her earnings levels appear to be more the result of her choice to work only intermittently rather than an indicator of a physical or mental inability to work the entire year. *See Pickner*, 985 F.2d at 403 (noting that low earnings were partially due to claimant working only part-time, and

---

needed for average performance in a specific job-worker situation." *Dictionary of Occupational Titles* App'x C, 1991 WL 688702 (Jan. 1, 2016).

part-time work may still be considered substantial); *see also Reeder*, 214 F.3d at 989 (same for seasonal work).

Based on the foregoing, substantial evidence supports the ALJ's decision. Accordingly, this Court recommends that the ALJ's decision be affirmed.

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMEND** that:

1. Ms. M's motion for summary judgment (Dkt. 12) be **DENIED**;

2. The Commissioner's motion for summary judgment (Dkt. 17) be **GRANTED**; and

3. this matter should be **DISMISSED.**

Date: May 27, 2025

                                      *s/Shannon G. Elkins*
                                      SHANNON G. ELKINS
                                      United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this

Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.